NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ALBERTO LOPEZ-ALEJANDRO,
AKA Alberto Luis,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71173

Agency No. A205-451-170

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Luis Alberto Lopez-Alejandro, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

To the extent Lopez-Alejandro contests the IJ's denial of his asylum and CAT claims, we lack jurisdiction to consider those contentions because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

As to withholding of removal, Lopez-Alejandro does not raise an argument in his opening brief that he suffered past persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). As to Lopez-Alejandro's claim of future persecution, substantial evidence supports the agency's determination that Lopez-Alejandro failed to establish that it is more likely than not that he would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *see also INS v.*

*Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial" (emphasis in original)). Thus, Lopez-Alejandro's withholding of removal claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**